**CHOTIN TOWING CORPORATION, Greenville Towing Company, Inc., and The Comet River Company, et al., Petitioners,**

v.

**FEDERAL POWER COMMISSION, Respondent,**

**Texas Eastern Transmission Corporation, and City of Pittsburgh, Intervenors.**

**No. 14081.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 23, 1957.

Decided Nov. 1, 1957.

Mr. Harold Leventhal, Washington, D. C., with whom Mr. Israel Convisser, Washington, D. C., was on the brief, for petitioners. Mr. Bryce Rea, Jr., Washington, D. C., also entered an appearance for petitioners.

Mr. Willard W. Gatchell, Gen. Counsel, Federal Power Comm., with whom Messrs. Howard E. Wahrenbrock, Solicitor, Federal Power Comm., and C. Louis Knight, Attorney, Federal Power Commission, were on the brief, for respondent.

Mr. Martin L. Friedman, Washington, D. C., with whom Messrs. Charles I. Thompson, Philadelphia, Pa., and Keith M. Pyburn, Washington, D. C., were on the brief, for intervenor Texas Eastern Transmission Corp.

Mr. Eugene F. Mullin, Washington, D. C., entered an appearance for intervenor City of Pittsburgh.

Before EDGERTON, Chief Judge, and BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

In City of Pittsburgh v. Federal Power Comm., 1956, 99 U.S.App.D.C. 113, 237 F.2d 741, we reviewed the Commission's authorization to Texas Eastern Transmission Corporation to (1) abandon the Little Inch pipeline as a natural gas facility, thereby making it available for transportation of petroleum products, and (2) construct substitute facilities. Because the Commission failed to consider certain matters, we set aside the order and remanded with directions to consider such matters in further proceedings. One of these matters was the effect of the Little Inch abandonment on cost of future expansion. Upon remand, an expansion application, filed while the appeal had been pending, was consolidat-

ed in the hearings which were held pursuant to our direction.

On March 11, 1957, the Commission directed the omission of the intermediate decision procedure. The Commission's opinion and order, granting the authorization sought by Texas Eastern, was issued on June 21, 1957, and an order denying rehearing was entered on August 9, 1957. Petitioners immediately filed this review petition and moved, *inter alia,* "For Separation and Expedited Determination of Issue of Omission of Intermediate Decision Procedure." Because we entertained "substantial doubt whether the abandonment [of Little Inch] order is an 'initial license' within the meaning of section 8(a) of the Administrative Procedure Act, 5 U.S.C.[A.] § 1007," under which the Commission purported to omit the intermediate decision procedure, we granted this request in part. We ordered that briefs and oral argument be directed to "whether the order under review is invalid by reason of the fact that the authority it grants is not an 'initial license.'"

Section 8(a) permits omission of intermediate decision procedure in "determining applications for initial licenses * * *." The statute does not define the word "initial." Its common-sense meaning, as petitioner states, would suggest that "An application to withdraw, limit, terminate or modify all or part of * * * existing rights and obligations established in an outstanding license is not an application for an initial license."

■ We cannot accept a construction of the statute that would dispense with the necessity of an intermediate decision in practically all cases except accusatory or disciplinary proceedings instituted *against* licensees. If all applications *by* licensees are to be considered applications for "initial" licenses, the statutory word "initial" is mere surplusage. We see no reason to read the statute in that way. Nor has our attention been called to anything in the legislative history suggesting that Congress could have intended such a reading. The broad remedial

purposes of the Administrative Procedure Act suggest that narrowing exceptions should not be extended by strained construction.

■ The abandonment application, as we read the statute, was not an application for an initial license. And it was not made so by being consolidated for hearing with an application for new facilities which was an application for an initial license.

Remanded for further proceedings not inconsistent with this opinion.